# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 193 | **DATE** | February 11, 2013 |
| **CASE TITLE** | Franco Musto (#2012-1018234) v. John Stroger Hospital, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. The complaint fails to state a claim upon which this Court can grant relief. *See* 28 U.S.C § 1915A. It is dismissed without prejudice to Plaintiff filing suit in state court. The dismissal of the case in this Court, however, counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is advised that, if three of his cases are dismissed for failure to state a claim or as frivolous or malicious, he will not be able to file suit in federal court without pre-paying the filing fee, unless he demonstrates that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Franco Musto, who is currently confined at the Cook County Jail, has filed suit under 42 U.S.C. § 1983, naming as Defendants Stroger Hospital and an unknown doctor. Plaintiff alleges that, on March 1, 2012, he was in a drug treatment program and was caught using heroin. He was directed to Stroger Hospital for detoxification. According to Plaintiff, a doctor at the hospital – referred to as Dr. John Doe – examined him and determined that he needed only medication at that time. The doctor prescribed Clonazepam. Plaintiff ingested 50 pills. He states that he then went to what he believed was his home, but he was arrested because he was in another person's house. He seeks to hold Stroger Hospital and Dr. John Doe liable.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His application indicates that he is unable to prepay the $350 filing fee. The Court grants his motion and assesses an inital partial filing fee of $6.86. The trust fund account officer at Plaintiff's place of confinement is authorized to deduct, when adequate funds exist, this amount from Plaintiff's account and pay it to this Court. Thereafter, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in Plaintiff's account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The Court has reviewed Plaintiff's complaint as required by 28 U.S.C. § 1915A. To state a federal claim under § 1983, a plaintiff must allege that he was deprived of a federal or constitutional right by a party acting under color of state law. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). A plaintiff pursuing a federal constitutional claim of inadequate medical care must demonstrate deliberate indifference, which requires proof that (1) he suffered an objectively serious medical condition, and (2) the defendants acted with deliberate

| STATEMENT |
|---|

indifference to that condition, i.e., they were actually aware of the condition but consciously disregarded it. *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012); *Lee v. Young*, 533 F.3d 505, 509-10 (7th Cir. 2008). A disagreement with the chosen course of treatment or medications prescribed does not constitute deliberate indifference. *Halloway*, 700 F.3d at 1073; *Snipes v. DeTella*, 95 F.3d 586, 590-91 (7th Cir. 1996). Rather, the defendant's conduct must amount to "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [he] actually did not base the decision on such a judgment." *Halloway*, 700 F.3d at 1073. Allegations amounting to negligence or malpractice are insufficient to state a claim of deliberate indifference. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

Plaintiff's allegations – and it appears that he has asserted his best case – amount to, at most, a state-law claim of negligence or medical malpractice, not deliberate indifference. Plaintiff takes issue with being prescribed medication for his drug addiction, as opposed to some other course of treatment. He acknowledges, however, that he was examined and treated. *See Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995) (a doctor's failure to carefully review medical history and prescribe appropriate medication was at most malpractice, but not deliberate indifference). More importantly, Plaintiff's own allegations reflect that the adverse effects he experienced resulted from him taking 50 pills, not from being prescribed the medication. *See Rodriguez v. Briley*, 403 F.3d 952, 952–53 (7th Cir. 2005) (an inmate may not succeed on an constitutional claim of deliberate indifference when his own actions caused the violation; "he cannot, in short, be permitted to engineer a [constitutional] violation"). Any claim that the doctor should have followed a different course or should have foreseen that Plaintiff would take such a large quantity, at most suggests medical malpractice (as Plaintiff aptly states in the "Relief" section of his complaint), not deliberate indifference. Plaintiff's allegations may support a state-law medical malpractice claim, but they do not give rise to a viable federal constitutional claim.

The Court therefore dismisses Plaintiff's complaint. The dismissal is without prejudice to Plaintiff filing suit in state court. Nothing in this order shall be construed as commenting on the merits of any state-law claims.